# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVEY JAMES KIMMEL, | : | Civil No. 1:23-CV-00016 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| C.O. DOUGHTY, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## ORDER

Presently before the court is Plaintiff Davey James Kimmel's complaint, which raises multiple claims under 42 U.S.C. § 1983 against nineteen defendants including the Lebanon County Prison, where he is currently housed, and multiple fellow inmates. (Doc. 1.) Plaintiff is a self-represented litigant and has applied to proceed *in forma pauperis*. (Docs. 1, 2.) He has also requested the court appoint counsel at the public's expense. (Doc. 4.) As part of the initial screening required under 28 U.S.C. § 1915(e)(2)(B)(ii), the court will grant Plaintiff's application to proceed *in forma pauperis*, file the complaint, dismiss claims against the Lebanon County Prison and the fellow inmates, dismiss improperly joined claims, deny Plaintiff's request for counsel, and serve the complaint on the remaining defendants.

## BACKGROUND

In January of 2023, Plaintiff Davey James Kimmel, ("Plaintiff"), an inmate currently housed at the Lebanon County Prison, filed the instant complaint. (Doc. 1.) The complaint is difficult to read and alleges multiple claims arising from multiple factual scenarios under the umbrella of 42 U.S.C. § 1983. (*Id.*) The court has identified nineteen defendants, although the complaint's nonsequential list of defendants goes into the thirties. (*Id.*) The list of defendants includes Lebanon County Prison and Plaintiff's fellow inmates.

It appears that Plaintiff is attempting to raise claims stemming from six unrelated factual scenarios: (1) an assault by fellow inmate Brandon Heisey in July of 2022 and the prison staff's inaction surrounding the assault; (2) excessive force by prison staff in August of 2022; (3) threats and harassment by other inmates for an undefined fifteen day period and the prison staff's refusal to address them; (4) an unidentified correctional officer taking his religious materials on an unidentified date; (5) being housed with a county inmate while he is a state inmate; and (6) unsanitary prison conditions. (Doc. 1, pp. 15–20.) Plaintiff numbers his factual scenarios as separate lawsuits. (*Id.*)

Plaintiff also filed a request for appointment of counsel at the public's expense alleging an inability to pay for counsel and learning disabilities affecting his ability to litigate his case. (Doc. 4.)

2

Plaintiff has filed a certified application to proceed *in forma pauperis*. (Doc. 2.) Therefore, Plaintiff's complaint is ripe for review under 28 U.S.C. § 1915(e)(2)(B)(ii).

## DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]" The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss. *See Grayson v. Mayview State Hosp., 293 F.3d 103, 109-10 & n.11* (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe*

*v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020).  The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011).  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

### A. All Claims Against Lebanon County Prison Will Be Dismissed With Prejudice.

Plaintiff brings claims against Lebanon County Prison.  (Doc. 1, p. 4.) However, Lebanon County Prison is not a proper defendant.

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements.  He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  It is well-settled that neither a state nor its agencies are considered to be a "person" as that term is defined under § 1983 and, therefore, they are not subject to a § 1983 suit.  *Hafer v. Melo*, 502 U.S. 21, 25–27 (1997).  Similarly, neither a prison nor a department within a prison are "persons" subject to suit under § 1983.  *Fischer v. Cahill*, 474 F.2d 991, 992 (3d

4

Cir. 1973); *Edwards v. Northampton County*, 663 Fed. Appx. 132, 136 (3d Cir. 2016) (extending *Fischer* to include county prisons).  Therefore, all claims against Lebanon County Prison will be dismissed with prejudice.

### B. All Claims Against Fellow Inmates Will Be Dismissed Without Prejudice.

Plaintiff also brings claims against fellow inmates.  (Doc. 1, pp. 6–7, 9.) Because Plaintiff's complaint is unorganized and fails to provide full names, it is difficult to understand exactly which inmates are named as defendants.  However, it is clear that Defendants Joel Weist, Hoggus, and Andrew M. Barr are inmates. (*Id.*)  Plaintiff's fellow inmates are not proper defendants in a 42 U.S.C. § 1983 actions.

As stated above, to state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements.  He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *West*, 487 U.S. at 48.  "[A] person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk v. Dodson*, 454 U.S. 312, 317–18 (1981) *citing United States v. Classic*, 313 U.S. 299, 326 (1941).  Plaintiff has failed to allege any facts demonstrating that these inmates were acting with the authority of the state.  Therefore, all claims

raised against inmate defendants under 42 U.S.C. § 1983 will be dismissed without prejudice.

### C. The Improperly Joined Claims Will Be Dismissed.

As identified above, Plaintiff has attempted to bring multiple claims stemming from multiple unrelated sets of facts, which he labels as separate lawsuits.  Since Plaintiff raises multiple unrelated sets of facts, the court finds that several of these claims are improperly joined.

A plaintiff may not bring unrelated claims against unrelated parties in a single action.  *See* Fed. R. Civ. P. 18(a); 20(a)(2).  A plaintiff may bring a claim against multiple defendants so long as (1) the claims arise out of the same transaction or occurrence, or series of transactions and occurrences; and (2) there are common questions of law or fact.  *See* Fed. R. Civ. P. 20(a)(2).  Courts have broad discretion in applying Fed. R. Civ. P. 20 to reduce inconvenience, delay, and added expense to the parties and to the court, and to promote judicial economy. *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009).  However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit. *See, e.g., Pruden v. SCI Camp Hill*, 252 Fed.Appx. 436 (3d Cir. 2007) (nonprecedential).

The initial set of facts alleged in the complaint address the assault by a fellow inmate in July of 2022.  (Doc. 1, p. 13.)  Typically, the court is inclined to

address the first set of alleged facts in a complaint. However, Plaintiff has filed a separate action in this court addressing this set of facts and his claims of deliberate indifference by medical staff. *See complaint filed in Kimmel v. Prime Care*, No. 1:23-CV-00087-JPW-EW (M.D. Pa. Jan. 17, 2023). Since Plaintiff has filed a separate action involving these same facts, the court will dismiss all claims arising out of this unique set of facts in this claim without prejudice. Should Plaintiff wish to join defendants originally named in the instant action to the subsequent action identified as 1:23-CV-00087-JPW-EW, he would need to amend the complaint filed in that action.

Since the initial set of alleged facts is being addressed in a separate action and dismissed from the instant action, the court will limit this action to the second set of alleged facts: the alleged use of excessive force in August of 2022 following Plaintiff blocking his cell gate. (Doc. 1, p. 13.) Plaintiff names Defendant Correctional Officer Doughty as the individual who used force in the form of pepper spray. (*Id*.) He also alleges that he reported the use of force to Defendants Captain Mease and Deputy Warden Becky Davis. (*Id*.) Plaintiff also included documents from Lebanon County Prison concerning disciplinary actions following the blocking of his cell gate, but these are dated September and October of 2022. (Doc. 1-2.) Therefore, it is unclear if these are related to the alleged set of facts in August of 2022.

All subsequent claims raised by Plaintiff appear to address unrelated facts. By joining multiple events and multiple defendants into a single action, the court questions whether Plaintiff is attempting to fit as much as possible into a single filing fee.  This will not be permitted.  *See Robinson v. Delbalso*, No. 1:20-CV-1171, 2020 WL 5602932, at *3 (M.D. Pa. Sep. 18, 2020) ("Instead of joining unrelated claims, a plaintiff's remedy is to file a separate lawsuit.").  As such, all claims not arising out of the August 2022 excessive force claim will be dismissed without prejudice to Plaintiff raising these claims in separate actions.

### D. Plaintiff's Motion for Appointment of Counsel Will Be Denied.

Plaintiff has filed a motion for appointment of counsel alleging that he cannot afford private counsel and that he has learning disabilities that makes pursuing his claims difficult.  (Doc. 4.)

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the court has discretion to "request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1); *see Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019).  The appointment of counsel is a privilege, not a statutory or constitutional right.  *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances after a finding that the plaintiff's case has arguable merit in fact and

law. *Tabron*, 6 F.3d at 155. If the court finds that the plaintiff has crossed this threshold inquiry, the court should consider the following factors in deciding whether to request a lawyer to represent an indigent plaintiff:

(1)   the plaintiff's ability to present his or her own case;
(2)   the complexity of the legal issues;
(3)   the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4)   the plaintiff's ability to retain counsel on his or her own behalf;
(5)   the extent to which a case is likely to turn on credibility determinations, and;
(6)   whether the case will require the testimony of expert witnesses.

*Tabron*, 6 F.3d at 155-57. This list of factors is non-exhaustive, and no single factor is determinative. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)). Instead, these factors serve as guideposts for the district courts to ensure that the precious commodity of volunteer attorney time is not "wasted on frivolous cases." (*Id.*)

At this stage of the proceedings, noting that service has yet to be effectuated on Defendants, it is premature to appoint counsel. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion.

CONCLUSION

**ACCORDINGLY,** on this 25th day of January, 2023, upon consideration of

Plaintiff's complaint, Doc. 1, and his application to proceed *in forma pauperis*,

Doc. 2, **IT IS SO ORDERED THAT:**

1. Plaintiff's application for leave to proceed in *forma pauperis*, Doc. 2, is **GRANTED**.

2. Plaintiff shall pay the full filing fee of $350.00, based on the financial information provided in the application to proceed in forma pauperis. The full filing fee shall be paid regardless of the outcome of the litigation.

3. Pursuant to 28 U.S.C. § 1915(b)(1) and (2), the Superintendent/Warden, or other appropriate official at Plaintiff's place of confinement is directed to deduct an initial partial filing fee of 20% of the greater of:

   (A) the average monthly deposits in the inmate's prison account for the past six months, or

   (B) the average monthly balance in the inmate's prison account for the past six months.

4. The initial partial filing fee shall be forwarded to the Clerk of the United States District Court for the Middle District of Pennsylvania, P.O. Box 1148, Scranton, Pennsylvania, 18501-1148, to be credited to the above-captioned docket number. In each succeeding month, when the amount in the Plaintiff's inmate prison account exceeds $10.00, the Superintendent / Warden, or other proper official, shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Plaintiff's prison account until the $350.00 fee is paid. Each payment shall reference the above-captioned docket number.

5. The Clerk of Court shall send a copy of this Order to the Superintendent/Warden of the institution wherein Plaintiff is presently confined.

6. The complaint, Doc. 1, is deemed filed.

7. All claims against Lebanon County Prison are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

8. Plaintiff's claims against Defendants Correctional Officer Doughty, Deputy Warden Becky Davis, and Captain Mease arising from the facts surrounding the alleged use of excessive force in August of 2022 are NOT dismissed and are the sole claims surviving the court's screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

9. All other claims arising out of other factual scenarios alleged by Plaintiff are improperly joined and are **DISMISSED** without prejudice to bringing these claims in separate actions.

10. In accordance with Federal Rule of Civil Procedure 4(c)(3), the Clerk of Court shall serve a copy of the complaint (Doc. 1), notice of lawsuit and request to waive service of summons (form AO 398), waiver of service of summons (form AO 399) and this Order on Defendants Correctional Officer Doughty, Deputy Warden Becky Davis, and Captain Mease. In the interest of efficient administrative judicial economy, the court requests that the Defendants waive service pursuant to Federal Rule of Civil Procedure 4(d).

11. If service is unable to be completed due to Plaintiff's failure to properly name the Defendants, or provide a correct mailing address, Plaintiff will be required to correct this deficiency. Failure to comply may result in the dismissal of Plaintiff's claims against the Defendants pursuant to Federal Rule of Civil Procedure 4(m).

12. Plaintiff's motion for appointment of counsel, Doc. 4, is **DENIED** without prejudice.

13. Plaintiff shall maintain on file with the Clerk of Court a current address.  *See* M.D. Pa. LR 83.18.  If the court is unable to communicate with the Plaintiff because the Plaintiff has failed to notify the court of his address, the Plaintiff will be deemed to have abandoned the lawsuit.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania
