IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVEY JAMES KIMMEL, | : | Civil No. 1:23-CV-00016 |
| Plaintiff, | : | |
| v. | : | |
| C.O. DOUGHTY, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is a motion to dismiss filed by Defendants Davis and Mease. (Doc. 15.) Because Plaintiff failed to allege any personal involvement on the part of these Defendants, the motion will be granted. The court will dismiss the Eighth Amendment claims against Defendants Davis and Mease, but will grant Plaintiff leave to file an amended complaint.

### PROCEDURAL HISTORY

In January of 2023, Plaintiff Davey James Kimmel, ("Plaintiff"), an inmate currently housed at the State Correctional Institution at Camp Hill, Pennsylvania ("SCI-Camp Hill"), filed the instant complaint. (Doc. 1.) The complaint is difficult to read and alleges multiple claims arising from multiple factual scenarios under the umbrella of 42 U.S.C. § 1983. (*Id*.) Following a screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the court dismissed all claims and all defendants except the August 2022 use of excessive force claim against Defendants

1

Correctional Officer Doughty ("Doughty"), Deputy Warden Becky Davis ("Davis"), and Captain Mease ("Mease").  (Doc. 8.)  Plaintiff fails to identify the facility at which the alleged August of 2022 incident took place.  However, the three defendants have working addresses located in Lebanon, Pennsylvania.  (Doc. 1, p. 3.)  Therefore, the court concludes that the alleged incident took place at the Lebanon County Prison.

The alleged facts surrounding the August 2022 incident are contained in a single paragraph in the complaint:

> [I]n August of 2022 on about the middle of the month I was having issues with another inmate[,] and the COs did nothing[.]  [S]o I covered my gate after being refused a white shirt[.]  [T]hen[,] White Shirt Doughty came[.]  [H]e asked me to come cuff up[,] and I did so[.]  [A]s I was heading to my gate to cuff up[,] White Shirt Doughty pepper sprayed me for no valid reason.  I reported this to ex[-]captain Mease, Deputy Warden Becky Davis at the time of DB.

(Doc. 1, p. 13.)[1]

The court forwarded waiver of service forms to these three defendants, who promptly returned them.  (Docs. 9, 12, 13, 14.)  Defendant Doughty filed an answer to the complaint on March 27, 2023.  (Doc. 17.)  Defendants Davis and Mease filed the instant motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) and a brief in support.  (Docs. 15, 16.)  On May 10, 2023, Plaintiff filed a document titled "Brief in Opposition to Defendants Motion."  (Doc. 20.)  The court

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

notes that this "brief" included a request that the court "move forward with relief" and give him "30 days time." (*Id.*)  Because this was titled as a "brief" and not a motion, the court did not address the request for additional time.  However, several months have passed since Plaintiff's "brief" was filed, and no supplemental documents have been filed in opposition of the pending motion to dismiss.  Therefore, the court now considers the pending motion to dismiss the claims against Defendants Davis and Mease as ripe.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.  Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at Lebanon County Prison, located in Lebanon County, Pennsylvania, which is located within this district.  *See* 28 U.S.C. § 118(b).

## MOTION TO DISMISS STANDARD

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d. Cir. 2020).

    When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc*., 998 F.2d 1192, 1196 (3d Cir. 1993)).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015).  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014); *see also Phillips*, 515 F.3d at 245.  A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

### DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements.  He must allege: (1) that the alleged misconduct was committed by a person acting under color of state law; and (2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged

wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).

Here, Plaintiff has failed to allege any personal involvement on the part of Defendants Davis and Mease. Nothing in the paragraph regarding the August 2022 use of excessive force claim indicates that these individuals were personally involved in interfering with any of Plaintiff's constitutional rights. Therefore, the claims against them will be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss will be granted. The claims raised against Defendants Davis and Mease will be dismissed without prejudice.

Before dismissing a civil rights complaint, a district court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245. Plaintiff will be granted leave to file an amended complaint, but he must clearly label the document as his amended complaint and use the docket number assigned to this case. The amended complaint shall be limited to the facts and claims associated with the August 2022 pepper spray incident. Pursuant to Local Rule 15.1, all amended pleadings are to be "complete in itself." Therefore, Plaintiff is to replead all claims and facts he seeks to prove,

including those against Defendant Doughty.  Should Plaintiff fail to timely file an amended complaint, the case will proceed solely against Defendant Doughty.

An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated:  December 22, 2023